# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MITCHELL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>W.J. SULLIVAN, Warden,<br><br>　　　　Respondent. | Case No. CV 18-5609 AB (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

　　　　The Court summarily dismisses Petitioner's habeas action as untimely.

　　　　　　　　　　　　　　＊ ＊ ＊

**Procedural History**

　　　　1.　　Petitioner is a state prisoner. In 1997, he was convicted of theft and robbery offenses. Petitioner received a life sentence for those offenses in 1999 on remand after post-trial appeal. (Docket # 1 at 19.)

　　　　2.　　Petitioner apparently sustained other criminal convictions in 1993 or 1994 when he was a juvenile. The sentences on those convictions were "vacated" and Petitioner served a term in the California Youth Authority. (Docket # 6 at 10-16.) Petitioner contends that the state superior court

improperly considered his juvenile convictions/sentences as "strikes" under state law when resentencing him on his adult offense in 1999. (Docket # 6 at 4-7.)

3. Over a decade ago, Petitioner sought habeas corpus relief regarding the propriety of his sentencing in state court. According to records he submitted to the Court, the state superior court denied habeas relief in 2004. The court's order noted that Petitioner was "resentenced" in August 1999 and evaluated whether to consider his previous "strikes." (Docket # 6 at 18-19.) Petitioner appears to have pursued additional state habeas relief in 2006, 2008, 2011, and 2017 without success. (Docket # 1 at 19; # 6 at 18-20; # 6-1 at 1.)

4. In June 2018, Petitioner filed this action challenging his 1999 state sentence. (Docket # 1.) The Court (Magistrate Judge Wilner) screened the petition pursuant to Habeas Rule 4. Judge Wilner noted in the screening order that Petitioner's action was facially untimely under federal law by many years. The Court directed Petitioner to submit a supplemental statement with supporting evidence to establish the timeliness of the federal action or any claim to equitable tolling of the limitations period. (Docket # 4.) The Court also noted that Petitioner's action was likely procedurally barred from federal review (based on the nature of the state court denials of relief) and did not raise a legitimate federal constitutional claim. (Id.)

5. Petitioner filed a supplemental statement in response to the Court's order. (Docket # 6.) Petitioner did not dispute that his federal action was untimely. Instead, Petitioner candidly asked the Court to consider the merits of his claim "even if this honorable district court deems Petitioner's habeas petition untimely." (Docket # 6 at 2.) The remainder of the submission addressed the merits of Petitioner's habeas claim regarding his 1999 sentencing and his 1993 juvenile offense.

1    6.    Notably, nowhere in Petitioner's original petition or the supplemental statement did Petitioner explain why he waited nearly 20 years to bring his allegations about his sentence to federal court. None of his submissions provided support for a finding of equitable tolling of the federal statute of limitations – nor did he even ask for this relief.

* * *

**Relevant Federal Law**

7.    If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8.    District courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative." Wood v. Milyard, 463 U.S. 463, 473 (2012). Where the prisoner "is accorded a fair opportunity to present his position," a district court may determine "whether the interests of justice would be better served by addressing the merits [of an untimely habeas petition] or by dismissing the petition as time barred." Id. at 472 (quotations omitted).

9.    AEDPA imposes a one-year limitation period on state prisoners who seek federal habeas review of their claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final. 28 U.S.C. § 2244(d)(1)(A); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

10. A habeas petitioner may obtain equitable tolling of the AEDPA statute of limitations. A prisoner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). A prisoner must establish that "the extraordinary circumstances were the cause of his untimeliness." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (emphasis added).

11. Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1007 (9th Cir. 1999). It requires a prisoner to clear "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). A prisoner "bears the burden of demonstrating that the AEDPA limitation period was sufficiently tolled." Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009).

**Analysis**

12. Petitioner filed his federal action long after the AEDPA period expired. After his original conviction and appeal, his case returned to the superior court for resentencing in 1999. Petitioner did not present information establishing whether he appealed his sentence again after that. However, it is obvious that his criminal judgment became final reasonably shortly after his 1999 resentencing. (Docket # 1 at 19.) Petitioner was therefore required to file his federal action in 2000 or early 2001 at the latest. 28 U.S.C. § 2244(d)(1) (one-year limitations period).

13. Instead, he did not seek federal habeas relief until June 2018 – at least 17 years after the expiration of the AEPDA statute of limitations. The federal petition is untimely on its face and subject to summary dismissal. Wood,

463 U.S. at 473. Petitioner does not challenge the Court's timeliness analysis. (Docket # 6 at 1-2.)

14. He also made no effort to demonstrate that he is entitled to equitable tolling of the AEPDA limitations period. The Court gave Petitioner an opportunity to present evidence and argument to support a tolling claim. (Docket # 4.) However, he failed to do so. That clearly falls far short of carrying his burden for this "extraordinary" remedy. Miles, 187 F.3d at 1007; Yeh, 751 F.3d at 1077; Zepeda, 581 F.3d at 1019. In the absence of any explanation for the excessive delay, Petitioner cannot obtain equitable relief. Holland, 560 U.S. at 649; Porter, 620 F.3d at 959; Rasberry, 448 F.3d at 1154.

15. From this, the Court concludes that it "plainly appears" that Petitioner is not entitled to relief in this Court. L.R. 72-3.2. The action is therefore DISMISSED with prejudice as untimely.[1]

IT IS SO ORDERED.

Dated: August 2, 2018

_____
HON. ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the petition is likely also subject to summary dismissal on the other grounds identified in Judge Wilner's screening order. Petitioner's state court habeas actions have been dismissed for procedural reasons that preclude federal review. Walker v. Martin, 562 U.S. 307, 315 (2011). Also, save for a cryptic, passing reference to a due process violation, Petitioner fails to identify clearly established federal law that the state courts unreasonably applied in denying habeas relief. 28 U.S.C. § 2254. Nevertheless, because the action is patently untimely under federal law, the Court rests its dismissal on that ground.